**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

<table>
<tr><td>Shenzhen Chenxiang Keji Youxian Gongsi, a company organized under the law of People's Republic of China, d/b/a Lcbergbuly,<br><br><br>        Plaintiff,<br><br>v.<br><br>Xiaoling Che, an individual; Jinyan Duan, an individual,<br>        Defendants.</td><td>Case No. 1:26-cv-9107<br><br><br><br>**COMPLAINT**</td></tr>
</table>

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff brings this action against Defendants for submitting untrue and misleading patent infringement complaints to Amazon, which resulted in the wrongful removal of Plaintiff's product listings and disruption of its business operations.

**II. PARTIES**

2. Plaintiff Shenzhen Chenxiang Keji Youxian Gongsi, d/b/a Lcbergbuly ("Plaintiff" or "Lcbergbuly"), is a company organized under the law of People's Republic of China, with a principal place of business at Room 105, Warehouse 1, Longhua District Human Resources Service Industrial Park, No. 28 Junxin Industrial Zone, Xintian Community, Guanhu Street, Longhua District, Shenzhen, Guangdong 518000, China. Plaintiff is engaged in the business of manufacturing, distributing, and selling Rotatable Puzzle Board products globally, including

1

within the Northern District of Illinois, through its Amazon storefront (Merchant ID: A2E99GIV55WUDD).

3. Defendants Xiaoling Che and Jinyan Duan ("Defendants") are, upon information and belief, both Chinese citizens and residing in China. Upon information and belief, Defendants are the owners of U.S. Patent No. 12,220,648, titled "Movable puzzle platform" (the "'648 Patent").

### III. NATURE OF THE ACTION

4. This action seeks declaratory judgment of patent non-infringement under 28 U.S.C. § 2201(a) and 35 U.S.C. §§ 271.

5. In addition, this action asserts claims for tortious interference with business relations or prospective economic advantage.

6. Lastly, this action asserts claims for violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2.

### IV. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and § 1400 because Defendants conduct business in this District, have caused injury to Plaintiff conducting business within this District, and have purposefully directed their Amazon enforcement activities toward

this District. Indeed, as alleged more fully below, a suit filed by Defendants arising from the same patent infringement claim against some Chinese companies in that case is currently pending before this Court, confirming that Defendants have purposefully availed themself of, and directed their enforcement conducts into, this District.

## V. GENERAL FACTS

10. Plaintiff has operated its Amazon storefront for a substantial period of time and has developed a stable business selling Rotatable Puzzle Board products to customers in the United States. Plaintiff has established ongoing commercial relationships with Amazon and its customers and has maintained active product listings for its Rotatable Puzzle Board products.

11. '648 Patent recites, in relevant part, "a board assembly comprising: a puzzle board comprising a puzzle plate and a fixing portion extending from the puzzle plate; a supplement arrangement comprising a first main supporting wall attached on the bottom surface of the puzzle board, a second main supporting wall attached on the bottom surface of the puzzle board and disposed apart from the first main supporting wall; a restricting wall having a first extending wall upwardly extending from the fixing portion and stacked on the fixing portion of the puzzle board, and a second extending wall upwardly extending from the fixing portion, stacked on the fixing portion of the puzzle board, and disposed apart from the first extending wall; and at least two puzzle drawers." A true and correct copy of the '648 Patent is attached hereto as **Exhibit 1**.

12. Despite knowledge or reason to know that the '648 Patent is not infringed by Plaintiff's products, Defendants have filed a baseless complaint with Amazon.com alleging infringement of the '648 Patent by Plaintiff's products. This complaint resulted in the wrongful delisting and removal of Plaintiff's product listings, causing significant disruption to Plaintiff's

business operations and reputational harm.

13. Amazon's IP complaint system allows rights holders to enforce their intellectual property by submitting facially valid certificates, such as the patent registration at issue here. Upon receipt of such a complaint, Amazon typically removes or disables the accused product listings immediately, without prior notice to the seller. The affected inventory is frozen in Amazon's fulfillment centers, and the seller is rendered unable to fulfill orders or generate sales revenue from the impacted products. Although accused sellers are permitted to submit non-infringement analyses or rebuttal evidence, Amazon generally presumes the validity of facially effective patents and gives significant deference to the complainant's representations. As a result, sellers often have no meaningful recourse through Amazon's internal procedures, and takedowns remain in effect regardless of the merits of the infringement allegation.

14. On or before July 15, 2026, Defendants submitted an Amazon IP Complaint (Complaint ID: 21057153021) alleging infringement of the '648 Patent by products sold through Plaintiff's Amazon storefront, including ASINs B0GLM6KCMK and B0GLMW6TW8. As a result of this complaint, Amazon delisted and deactivated each of the foregoing ASINs. A true and correct copy of the IP Complaint is attached hereto as **Exhibit 2**.

15. Defendants' conducts are not isolated incidents but reflects a broader pattern of abusing Amazon's intellectual property enforcement system to exclude non-infringing competitors from the marketplace. Upon information and belief, on or about May 5, 2025, Defendants filed a lawsuit against some Chinese companies in this District court, Case No. 1:25-cv-04946 (the "Litigation"), alleging that these Chinese companies infringed '648 Patent, the case is still pending before this Court.

16. As a direct result of Defendants' conducts, Plaintiff has suffered harm, including removal of its listings, inability to sell its products, disruption of business operations, and loss of sales and customer goodwill, and continues to face the risk of further listing removals, loss of revenue, and reputational harm.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT
### (28 U.S.C. §§ 2201, 2202; 35 U.S.C. §§ 271, 282)

17. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

18. Pursuant to 28 U.S.C. § 2201(a), "in a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration."

19. An actual and justiciable controversy exists between Plaintiff and Defendants regarding whether Plaintiff's Rotatable Puzzle Board products infringe the '648 Patent, as evidenced by Defendants' Amazon IP Complaint (ID: 21057153021) and Defendants' continued refusal, as of the filing of this Complaint, to withdraw their infringement allegations or consent to reinstatement of Plaintiff's listings.

20. The '648 Patent describes a puzzle board comprising a puzzle plate and a fixing portion extending from the puzzle plate. However, Plaintiff's Rotatable Puzzle Board uses only a single layer as its body.

21. Because Plaintiff's products lack the "fixing portion" required by the '648 Patent, either literally or under the doctrine of equivalents, Plaintiff's products do not infringe, and have

not infringed, any claim of the '648 Patent, and Plaintiff is entitled to a declaratory judgment of non-infringement.

22.     Upon information and belief, Defendants were aware of the Bits and Pieces Jigsaw Puzzle Board and the Bits and Pieces Rotating Puzzle Board at the time of or before the filing of the '648 Patent. However, Defendants did not disclose this prior art to the USPTO. A true and correct copy of Bits and Pieces Rotating Puzzle Board product page on Amazon is attached as **Exhibit 3**.

23.     Defendants knew or at least should have known that numerous prior sales on Amazon are invalidating prior art to the '648 Patent. Despite this, Defendants have alleged that Plaintiff infringe the '648 Patent. This prior art therefore qualifies as prior art to the '648 Patent under 35 U.S.C. § 102(a)(1) without regard to whether it precedes the filing date by more than one year.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR PROSPECTIVE ECONOMIC ADVANTAGE

24.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

25.     Under *Fellhauer v. City of Geneva*, 568 N.E.2d 870 (Ill. 1991), it is generally recognized by the Illinois courts that to prevail on a claim for tortious interference with a prospective economic advantage, a plaintiff must prove: (1) a reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge; (3) the purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid

business relationship; and (4) damage to the plaintiff resulting from such interference.

26. Plaintiff had valid and ongoing business relationships and expectancies with Amazon and its customers through its active Amazon storefront and product listings. Defendants knew of these relationships because it specifically targeted Plaintiff's Amazon listings and ASINs in its Amazon IP Complaint.

27. Defendants intentionally and unjustifiably interfered with Plaintiff's relationships and expectancies by submitting a baseless patent infringement complaint to Amazon despite knowledge, or reason to know the prior sales on Amazon that such a complaint lacked merit. Defendants' complaint caused Amazon to remove and deactivate Plaintiff's listings, preventing Plaintiff from continuing sales through those listings.

28. As a direct and proximate result of Defendants' conducts, Plaintiff suffered damages, including removal of listings, lost sales, disruption of business operations, loss of customer goodwill, and reputational harm.

## COUNT III
## VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 510/2)

29. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

30. Pursuant to the Illinois Deceptive Trade Practices Act ("DTPA"), 815 ILCS 510/2, "a person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: … (8) [d]isparages the goods, services, or business of another by false or misleading representation of fact."

7

31. Based on the facts alleged above, Defendants engaged in deceptive trade practices by submitting a false and misleading patent infringement complaint to Amazon, falsely representing that Plaintiff's products infringed the '648 Patent notwithstanding that Defendants' knowledge of the prior sales invalidating their '648 Patent. This false representation disparaged Plaintiff's products and business and caused Amazon to remove and deactivate Plaintiff's listings.

32. As a result, Plaintiff suffered damages, including lost sales, disruption of business operations, loss of customer goodwill, and reputational harm.

## JURY DEMAND

33. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment against Defendants as to the alleged causes of action;

2. An order enjoining Defendants, their officers, agents, employees, affiliates, and all persons acting in concert with them from submitting further false or misleading complaints to Amazon, and from further tortious interference with Plaintiff's business relations;

3. An order directing any third-party platforms, including but not limited to Amazon, to reinstate and reopen any listings, advertisements, or sales channels operated by Plaintiff in connection with Plaintiff's products;

4. An order requiring Defendants to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which it has complied with the injunction;

5.　　An award of damages adequate to compensate Plaintiff for Defendants' wrongful acts;

6.　　Such other and further relief as the Court may deem just and proper.

Dated: July 30, 2026　　　　　　　　　　　　Respectfully submitted

By: /s/__*Marjorie Ouyang*_____
Marjorie Ouyang
**Valley & Summit Law**
One Park Plaza, #600
Irvine, CA 92614

*Attorney for Plaintiff*
*Shenzhen Chenxiang Keji Youxian Gongsi*